UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFRARED ENVIRONMENTAL INFRASTRUCTURE GP LIMITED et al., <br><br> Plaintiffs, <br><br> v. <br><br> KINGDOM OF SPAIN, <br><br> Defendant. | Civil Action No. 1:20-cv-00817-JDB |

**MOTION FOR LEAVE TO FILE A BRIEF ON BEHALF OF
THE EUROPEAN COMMISSION ON BEHALF OF THE EUROPEAN UNION
AS *AMICUS CURIAE* IN SUPPORT OF THE KINGDOM OF SPAIN**

Pursuant to LCvR 7(o), the European Commission ("the Commission") respectfully requests leave to file a brief on behalf of the European Union as *amicus curiae* in support of the Kingdom of Spain in the above-captioned case. In support of its motion, the Commission states as follows:

1. The European Commission ("Commission") is an institution of the European Union (the "EU"), a treaty-based international organization composed of 27 Member States.[1] The Commission is an independent institution and acts in the interests of the Union as a whole, not of individual Member States. Known as the "Guardian of the Treaties," the Commission is responsible, inter alia, for ensuring the proper application of the EU treaties—including the Treaty on European Union ("TEU") and the Treaty on the Functioning of the European Union ("TFEU")—and of measures EU institutions adopt under those treaties. The Commission represents the EU in proceedings before the Court of Justice of the EU ("Court of Justice"),

---

[1] These Member States are Austria, Belgium, Bulgaria, Croatia, Cyprus, the Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, the Netherlands, Poland, Portugal, Romania, Slovakia, Slovenia, Spain, and Sweden.

1

national and international courts (including the WTO dispute settlement bodies) and arbitration tribunals, and has special expertise in matters of EU law and public international law.

2. The Commission is also responsible for representing the EU in third countries, including in judicial proceedings. In that capacity, the Commission seeks leave to submit an amicus brief on behalf of the EU. TFEU art. 17(1).

3. The EU has a substantial interest in this case. Plaintiffs are entities formed under the laws of the United Kingdom—which, at all times relevant to this dispute, was an EU Member State[2]—and hence, for purposes of this case, are EU companies. They seek to enforce an arbitration award they obtained against Spain, an EU Member State, on the basis of the Energy Charter Treaty ("ECT"), a multilateral treaty negotiated and signed in the 1990s to govern the EU's external energy policy. The award is premised on a fundamental misinterpretation of the ECT and a disregard for EU law, which should have governed the dispute.

4. The Commission previously moved for leave to submit an amicus brief in support of Spain's earlier motion to dismiss on February 16, 2021. ECF No. 19. The Court granted the Commission's motion on March 4, 2021. Minute Order, March 4, 2021.

5. On June 29, 2021, the Court denied without prejudice Spain's motion to dismiss and granted its motion to stay proceedings pending the decision of the ICSID annulment committee. ECF No. 31.

6. The ICSID annulment proceedings have now concluded, and Spain has filed a new motion to dismiss. ECF No. 50. The Commission seeks leave to file an amicus brief in support of Spain's new motion to dismiss.

---

[2] The United Kingdom withdrew from the European Union on January 31, 2020.

7. In particular, the Commission seeks to file a brief to describe recent developments within the EU judicial system that have a direct and substantial bearing on the issues presented in this case. Most notably, the Court of Justice recently confirmed in Case C-741/19, *Republic of Moldova v. Komstroy*, 2 September 2021, EU:C:2021:655, that the ECT's dispute resolution provision, Article 26, must be interpreted as not applying to disputes between a Member State and an investor of another Member State. In light of *Komstroy* (which accords with numerous other decisions of the CJEU), intra-EU arbitral awards like Plaintiffs' here are not enforceable anywhere in the EU.

8. The CJEU's conclusion means that Spain has made no valid offer for arbitration to investors from other EU Member States, and no valid arbitration agreement exists between Plaintiffs and Spain here. That conclusion deprives this Court of subject-matter jurisdiction, and also means that the award is not entitled to full faith and credit.

9. While this Court may consult any relevant material or source in making determinations of foreign law, the Commission submits that the Court should afford the highest degree of deference to the CJEU's ruling. It is the pronouncement of an international court on the interpretation of an agreement it has jurisdiction to interpret authoritatively. And the issue that the CJEU addressed was—and remains—one of immense importance to the EU legal order. Considerations of international comity therefore weigh heavily in favor of deferring to the EU judicial system's resolution of this issue.

10. The Commission further seeks to explain that, even if jurisdiction existed, enforcement of the award would still be improper because it would intrude on EU law. In particular, the Commission, applying EU law on State aid (i.e., public subsidies), has determined that compensation awarded by an arbitral tribunal in connection with Spain's support scheme

would constitute State aid that Spain cannot pay unless and until the Commission authorizes such payment. Compelling Spain to pay the award in the absence of authorization from the Commission would require Spain to violate its EU law obligations.

11. The EU's position is not adequately presented by any party. As the institution responsible for ensuring the proper application, interpretation, and administration of EU law, the Commission is uniquely situated to provide context for the CJEU's decisions, and to describe the consequences of the Court's disposition of this matter for the EU legal order.

12. In addition, the Commission has a strong interest in ensuring that the Court's disposition of this case is based on a correct interpretation of EU law. Here, too, as the EU institution that appears regularly before the Court of Justice and national courts (as well as in non-EU fora) in cases involving matters of EU law, the Commission has special expertise on the legal issues that this case implicates. Accordingly, a brief by the Commission would significantly aid the Court in its disposition of this case.

13. As noted above, this Court previously granted the Commission leave to file an amicus brief on issues of EU law at an earlier stage of this proceeding. Other judges of this Court have granted the Commission leave to file amicus briefs in similar cases. *E.g.*, Minute Order, *Eiser Infrastructure Limited v. Kingdom of Spain*, Case No. 1:18-cv-1686 (D.D.C. March 18, 2019) (Kollar-Kotelly, J.); Minute Order, *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*, Case No. 1:18-cv-2254 (D.D.C. May 13, 2019) (Boasberg, J.); Minute Order, *Novenergia II – Energy & Environment (SCA) v. Kingdom of Spain*, Case No. 1:18-cv-1148 (D.D.C. Sept. 23, 2019) (Chutkan, J.); Minute Order, *RREEF Infrastructure (G.P.) Limited v. Kingdom of Spain*, Case No. 1:19-cv-3783 (D.D.C. Dec. 29, 2020) (Nichols, J.); Minute Order, *CEF Energia B.V. v. Italian Republic*, 1:19-cv-3443 (D.D.C. Jan. 24, 2020) (Jackson, J.); Minute Order,

*InfraRed Environmental Infrastructure GP Ltd. v. Kingdom of Spain*, Case No. 1:20-cv-817 (D.D.C. Mar. 4, 2021) (Bates, J.); Minute Order, *Hydro Energy 1, S.A.R.L. v. Kingdom of Spain*, Case No. 1:21-v-2463 (D.D.C. April 12, 2022) (Leon, J.).

14. The Commission has also previously filed amicus briefs before this Court and other federal courts in cases implicating vital interests of the European Union. *See, e.g.*, Br. for the European Commission, *United States v. Microsoft*, No. 17-2 (U.S.) (data privacy); Br. for European Commission on behalf of the European Union, *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108 (2013); *Intel v. Advanced Micro Devices*, 542 U.S. 241 (2004) (antitrust).

15. Granting the Commission leave to file its *amicus* brief would not unduly delay the Court's ability to rule on any pending matter. The Commission is seeking leave to file its amicus brief on September 23, 2022, pursuant to the Court's August 1, 2022 scheduling order.

16. Counsel for the Commission contacted counsel for Plaintiffs and for the Kingdom of Spain regarding this motion. Spain consents to the motion. Counsel for Plaintiffs stated that they take no position on the motion at this time and will determine whether to oppose the filing of the brief after seeing the Commission's proposed amicus brief.

17. The proposed amicus brief that the Commission requests the Court consider is attached as Exhibit 1. Exhibits to the brief are attached as Exhibits 2-7.

18. By submitting this motion, the Commission specifically reserves all of its rights and does not waive any of its defenses or its sovereign immunity.

For the foregoing reasons, the Commission respectfully requests that its motion for leave to file the proposed *amicus curiae* brief be granted. A proposed order is attached as Exhibit 8.

Dated: September 23, 2022                    Respectfully submitted,

                                                *s/ R. Stanton Jones*

R. Stanton Jones (D.C. Bar No. 987088)
Sally L. Pei (D.C. Bar No. 1030194)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC  20001-3743
T: (202) 942-5000
F: (202) 942-5999
stanton.jones@arnoldporter.com
sally.pei@arnoldporter.com

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

      *s/ R. Stanton Jones*
      R. Stanton Jones