IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Blasket Renewable Investments LLC,

        *Petitioner*,

    v.

Kingdom of Spain,

        *Respondent*.

**Civil Action No. 1:20-cv-00817-JDB**

## <u>Petitioner's Response to Spain's Motion to Stay the Case</u>

Spain's motion to stay this case pending a petition for certiorari represents its latest effort to delay Petitioner's long-running effort to enforce an indisputably valid arbitral award.  The motion should be denied.

## BACKGROUND

On July 12, 2023, this Court stayed this case pending the D.C. Circuit's resolution of *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, No. 23-7031, *9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 23-7032, and *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 23-7038.  The D.C. Circuit issued a joint opinion disposing of those appeals on August 16, 2024, holding that "the district courts have jurisdiction under the FSIA's arbitration exception to confirm these arbitration awards against Spain" and denying the same *forum non conveniens* defense Spain raises in this case.  *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1094 (D.C. Cir. 2024).  After Spain unsuccessfully sought rehearing en banc, the D.C. Circuit issued its mandate on December 10.  Spain did not move to stay the D.C. Circuit's mandate.

This Court then entered a summary judgment briefing schedule.  *See* Minute Order (Dec. 19, 2024).  Now seeking to further delay these proceedings, Spain moves to stay this case while

the Supreme Court considers its forthcoming petition for writ of a certiorari from the D.C. Circuit's decision. *See* ECF No. 68.

**ARGUMENT**

The Court should deny Spain's stay motion and proceed with summary judgment briefing. For starters, granting a stay in this case would prejudice Petitioner and inequitably reward Spain's failure to seek a stay of the mandate in the D.C. Circuit. By issuing its mandate, the D.C. Circuit has now returned jurisdiction to the district courts in the three cases on appeal. Two of those cases are already proceeding apace. *See* Mot. for Summary Judgment, *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, No. 1:19-cv-1618 (D.D.C. Dec. 12, 2024); Mot. for Summary Judgment, *9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 1:19-cv-1871 (D.D.C. Dec. 17, 2024). A stay in this case would disadvantage Petitioner vis-à-vis those claimants. And Spain's decision to seek stays on a case-by-case basis, rather than seeking to stay the mandate—which would have effectively left in place the stay entered by this Court in this case and those entered by others in this District in the other ECT-arbitration-award enforcement actions pending against Spain—risks different judges reaching different results. The inequity of rewarding Spain's decision to forego a request for an across-the-board stay to the D.C. Circuit in favor of piecemeal stay requests to each district court is a sufficient ground for this court to exercise its discretion to decline Spain's request to extend the stay.

Regardless, Spain cannot meet its burden to continue the stay. Any party—even a foreign state—that "seek[s] a stay" of a lawsuit against it while it petitions the Supreme Court for certiorari "must show that the stay is warranted upon consideration of four factors: (1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants

2

the stay; and (4) the public interest in granting the stay." *de Csepel v. Hungary*, 2022 WL 3026998, at *2 (D.D.C. Aug. 1, 2022) (cleaned up); *see also Kurd v. Republic of Turkey*, 630 F. Supp. 3d 164, 167-68 (D.D.C. 2022) (same); *Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela*, 185 F. Supp. 3d 233, 249-50 (D.D.C. 2016) (same).  None of those factors warrants a stay.  Indeed, in a materially indistinguishable award enforcement action, another court in this District has already denied Spain's stay request and entered a supplemental briefing schedule.  *See Baywa R.E. v. Kingdom of Spain*, No. 1:22-cv-2403 (D.D.C.), Minute Order (Dec. 23, 2024). Judge Mehta reasoned that Spain "has not shown that the Supreme Court is likely to grant certiorari" from the D.C. Circuit's decision in *NextEra*, *9REN*, and *Blasket*, "and continuing to delay resolution of this matter will prejudice Petitioner." *Id.*  This Court should follow the same course here.

*First*, Spain is not likely to "'prevail on the merits' of its petition for writ of *certiorari*." *Kurd*, 630 F. Supp. 3d at 168 (quoting *Cuomo v. United States NRC*, 772 F.2d 972, 974 (D.C. Cir. 1985)).  The Supreme Court is not even likely to hear the case on the merits, much less reverse.

In a thorough decision, the D.C. Circuit held that federal courts have jurisdiction over cases to confirm arbitration awards issued pursuant to the Energy Charter Treaty.  *See NextEra*, 112 F.4th at 1100-05.  That decision followed from the arbitration exception's plain text, which applies to awards issued pursuant to arbitration agreements made "for the benefit" of a private party, 28 U.S.C. § 1605(a)(6), and the Supreme Court's holding that an investment treaty's arbitration provision is "an already-binding arbitration contract" between nations, *BG Group, PLC v. Republic of Argentina*, 572 U.S. 25, 41 (2014).  Spain petitioned for rehearing en banc, but it did not even attempt to identify a circuit split as to any aspect of the panel's holding on subject-matter jurisdiction.  The D.C. Circuit denied rehearing without any member of the court requesting a vote.

3

The case for denying a stay here is even stronger than in *Kurd*, where the court held that Turkey was "unlikely to succeed … before the Supreme Court" and thus denied a stay because the panel's decision was "comprehensive" and "well-reasoned," "no dissenting opinion" was filed, and "*en banc* consideration was denied."  630 F. Supp. 3d at 168.  Here, all of those factors are present, plus Spain's rehearing petition failed to identify a circuit split and did not even garner a single request for a vote.

Spain's motion to stay this case still identifies no circuit split on the D.C. Circuit's jurisdictional ruling.  Spain does point to a purported split between the D.C. Circuit and the Second Circuit on its *forum non conveniens* defense, ECF No. 68, at 3, but any perceived daylight between those courts on that issue is unlikely to merit the Supreme Court's attention.  The Court has twice rejected petitions for certiorari on that same, shallow, decades-old alleged conflict in the last seven years alone.  *See Ukraine v. PAO Tatneft*, No. 22-19 (U.S. Oct. 3, 2022); *Government of Belize v. Belize Social Dev. Ltd.*, No. 15-830 (U.S. Jan. 9, 2017).  Moreover, because that issue does not involve whether Spain "is entitled to sovereign immunity," Spain cannot establish "the irreparable injury of being forced to litigate despite being entitled to sovereign immunity" based on a petition for certiorari on that issue.  *de Csepel*, 2022 WL 3026998, at *3.

Recognizing that its low likelihood of success dooms its stay request, Spain attempts to lower the burden and contends that in this "procedural posture" it must show only a "serious legal question" to justify a stay.  ECF No. 68, at 3.  That is not the law.  There is no special, laxer test courts apply when a party seeks a stay pending potential Supreme Court review.  In this posture, as in any, the party seeking a stay must show a likelihood of success, irreparable harm, and that the equities justify a stay.  *See Nken v. Holder*, 556 U.S. 418 (2009).

To be sure, courts in this District have continued to "analyze the [stay] factors on a sliding scale"—despite "the D.C. Circuit['s] … suggest[ing] … that *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008)" forbids it. *Ala. Ass'n of Realtors v. U.S. Dep't of Health and Human Servs.*, 539 F. Supp. 3d 211, 213 (D.D.C. 2021) (citation omitted) (discussing *Sherley v. Sebelius*, 644 F.3d 388, 392-92 (D.C. Cir. 2011)). Courts have therefore entertained stay applications where the movant—like Spain—attempts to satisfy the first stay factor by presenting a "serious legal question," rather than a likelihood of certiorari and reversal. *de Csepel*, 2022 WL 3026998, at *2; *see also Philipp v. Federal Republic of Germany*, 436 F. Supp. 3d 61, 65 (D.D.C. 2020). But even on the sliding scale approach, the moving party still must show at least *some* likelihood of success on the merits, and Spain has not articulated any plausibly cert-worthy question. Moreover, because it is an instantiation of the "sliding scale" approach, the "serious legal question" standard can apply only if "the other factors *strongly favor* a stay." *Loving v. I.R.S.*, 920 F. Supp. 2d 108, 110 (D.D.C. 2013) (emphasis added); *see also de Csepel*, 2022 WL 3026998, at *2. Here, they do not. Spain cannot carry its burden to show that it is likely to "prevail on the merits" of its petition for certiorari. *Kurd*, 630 F. Supp. 3d at 168 (quoting *Cuomo*, 772 F.2d at 974).

*Second*, Spain cannot show that it *"will be irreparably harmed absent a stay." de Csepel*, 2022 WL 3026998, at *2 (citation omitted). Spain asserts that it would lose its sovereign immunity and suffer irreparable harm if forced to proceed, but Spain already briefed its defenses in its motion to dismiss. Any "harm" Spain would suffer from briefing motions for summary judgment is of Spain's own making, as this Court entered a schedule for further briefing *at Spain's request*: Spain expressly asked the Court to "enter a schedule for summary judgment briefing on the merits" once the D.C. Circuit issued the mandate in *NextEra*, over Petitioner's objection that there was "no need for an additional round of briefing." ECF No. 66, at 3, 5. Given its own request to proceed to

summary judgment, Spain can hardly now complain "about requiring a foreign sovereign to incur the costs of litigation." *Kurd*, 630 F. Supp. 3d at 169; *see also Hulley Enterprises, Ltd. v. Russian Federation*, 2022 WL 1102200, at *8 (D.D.C. Apr. 13, 2022) (explaining that there was "little identifiable hardship" from proceedings that required only "supplemental briefing" that was "neither required nor necessary"). And any argument that Spain would be irreparably harmed by being forced to litigate "has considerably less force here, given that the litigation has been ongoing for [numerous] years already." *de Csepel*, 2022 WL 3026998, at *3.

*Third*, while Spain will not be harmed by proceeding, a stay will harm Petitioner by disadvantaging it relative to Spain's other creditors whose cases are not stayed. There are at least 15 Energy Charter Treaty enforcement actions against Spain in this District.[1] Most were similarly stayed pending issuance of the D.C. Circuit's mandate in *NextEra*, *9REN*, and *Blasket*. Now that the mandate has issued—again, without any attempt by Spain to stay it—*NextEra* and *9REN*, at least, are proceeding toward judgment. And Spain's seeking individualized stays on a case-by-case basis will inevitably result in at least some cases now proceeding. *E.g.*, *Baywa R.E. v.*

---

[1] *See JGC Holdings Corporation v. Kingdom of Spain* No. 1:23-cv-2701 (D.D.C. filed Sept. 15, 2023); *Swiss Renewable Power Partners S.A.R.L. v. Kingdom of Spain*, No. 1:21-cv-3249 (D.D.C. filed February 24, 2023); *Baywa R.E. v. Kingdom of Spain*, No. 1:22-cv-2403 (D.D.C. filed August 12, 2022); *RWE Renewables GMBH v. Kingdom of Spain*, No. 1:21-cv-03232 (D.DC. filed Dec. 9, 2021); *AES Solar Energy Coöperatief U.A. v. Kingdom of Spain*, No. 1:21-cv-3249 (D.D.C. filed December 10, 2021); *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 1:21-cv-2463 (D.D.C. filed September 20, 2021); *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 1:20-cv-1708 (D.D.C. filed June 23, 2020); *Watkins Holdings S.R.L. et al v. Kingdom of Spain*, No. 1:20-cv-1081 (D.D.C. filed April 24, 2020); *Foresight Luxembourg Solar 1 S.A.R.L. v. Kingdom of Spain*, No. 1:20-cv-925 (D.D.C., transferred from S.D.N.Y. April 7, 2020); *InfraRed Env't Infrastructure GP Ltd. v. Kingdom of Spain*, No. 1:20-cv-817 (D.D.C. filed March 25, 2020); *RREEF Infrastructure (G.P.) Limited v. Kingdom of Spain*, No. 1:19-cv-3783 (D.D.C. filed December 19, 2019); *9Ren Holding S.A.R.L. v. Kingdom of Spain*, No. 1:19-cv-1871 (D.D.C. filed June 25, 2019); *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, No. 1:19-cv-1618 (D.D.C. filed June 3, 2019); *Infrastructure Services Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 1:18- cv-1753 (D.D.C. filed July 27, 2018); *Novenergia II – Energy and Environment (SCA) v. Kingdom of Spain*, No. 1:18-cv-1148 (D.D.C. filed May 16, 2018).

*Kingdom of Spain*, No. 1:22-cv-2403 (D.D.C.), Minute Order (Dec. 23, 2024).  That disadvantages any petitioner whose case is stayed.  It is black-letter law that "the first in time is the first in right," and "a prior lien gives a prior claim."  *United States v. City of New Britain*, 347 U.S. 81, 85 (1954) (citation omitted).  Any delay here jeopardizes Petitioner's ability to obtain priority liens on Spain's assets and prejudices its ability to enforce the Award.

What's more, the stay Spain requests is a long one.  Spain has not yet filed its petition for certiorari.  Assuming it does not request an extension, its petition would be due on March 3, 2025, and so has no prospect of being granted, briefed, and argued this Term.  *See* S. Ct. R. 13.1, 13.3. If the Supreme Court granted certiorari, the Court may not decide the case before June 2026. During that time, other creditors could place liens on Spain's assets or Spain could funnel assets out of the country, frustrating enforcement altogether.

*Finally*, the public interest counsels against a stay.  Stays in arbitration enforcement cases are appropriate only if they further "the general objectives of arbitration—the expeditious resolution of disputes and the avoidance of protracted and expensive litigation."  *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 879-80 (D.C. Cir. 2021).  Doubly so in ICSID cases, where courts must give the award "full faith and credit."  22 U.S.C. § 1650a(a).  To whatever extent there is a public "interest in ensuring that foreign sovereigns are not inappropriately subjected to suit in the United States," that interest is not implicated here because it is not "inappropriate" to "subjec[t] [Spain] to suit based on specific facts and circumstances at issue in this case."  *Kurd*, 630 F. Supp. 3d at 169.

## CONCLUSION

The Court should deny Spain's motion to stay this case.

Dated: January 7, 2025                          Respectfully submitted,

                                                /s/ *Matthew D. McGill*
                                                Matthew D. McGill, D.C. Bar #481430
                                                mmcgill@gibsondunn.com
                                                Matthew S. Rozen, D.C. Bar #1023209
                                                mrozen@gibsondunn.com
                                                GIBSON, DUNN & CRUTCHER LLP
                                                1700 M Street, N.W.
                                                Washington, DC 20036
                                                Telephone: 202.955.8500
                                                Facsimile: 202.467.0539

                                                *Attorneys for Petitioner Blasket Renewable*
                                                *Investments LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2025, I caused a true and correct copy of the foregoing Notice of Supplemental Authority to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system.  Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.


*/s/ Matthew D. McGill*
Matthew D. McGill