UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLASKET RENEWABLE INVESTMENTS, LLC,**<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>**KINGDOM OF SPAIN,**<br><br>　　Defendant. | Civil Action No.  20-0817 (JDB) |

## ORDER

Before the Court is [68] Spain's motion to stay. The Court denies the motion for the reasons that follow.

"A party seeking a stay must show that the stay is warranted upon consideration of four factors: '(1) the likelihood that the party seeking the stay will prevail on the merits . . . ; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.'" de Csepel v. Hungary, Civ. A. No. 10-1261 (JDB), 2022 WL 3026998, at *2 (D.D.C. Aug. 1, 2022) (quoting Loving v. IRS, 920 F. Supp. 2d 108, 110 (D.D.C. 2013)).

Spain does not show these factors favor granting its motion to stay. First, Spain has not shown the Supreme Court is likely to grant certiorari in NextEra Energy Global Holdings B.V. v. Kingdom of Spain, No. 23-7032, let alone that Spain would succeed on the merits if certiorari were granted. Spain identified no circuit split on the arbitration exception issue in its unsuccessful motion to the D.C. Circuit for rehearing en banc, and the Supreme Court has twice in the past seven years denied certiorari on the forum non conveniens issue even though there is a split between the D.C. Circuit and the Second Circuit.

Second, Spain does not show it would be irreparably harmed by this case continuing. It was the party to request summary judgment briefing, see Joint Status Rep. [ECF No. 66], so it cannot now claim that the briefing would irreparably harm it. Cf. FTC v. Standard Oil Co. of Cal., 449 U.S. 232, 244 (1980) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." (internal quotation marks omitted)).

Third, granting the stay could harm Blasket vis-à-vis other petitioners suing Spain on similar theories. There are fifteen Energy Charter Treaty enforcement actions in this District, and Spain—rather than seeking a stay of the Circuit's mandate—has decided to seek stays case by case. Thus, if this Court were to grant Spain's motion, Blasket could lose priority of its claim because creditors in cases not stayed may obtain judgment sooner. See, e.g., Minute Order of Dec. 13, 2024, Baywa R.E. v. Kingdom of Spain, Civ. A. No. 22-2403 (APM) (denying Spain's motion to stay). This risk is especially strong because the stay Spain seeks is indefinite—it has not yet filed its petition for certiorari and so it is unlikely the Supreme Court would hear arguments this term even were the Supreme Court to grant certiorari.

Finally, the public interest weighs in favor of denying the motion because stays in arbitration enforcement cases are only appropriate if they further the objectives of arbitration, such as speedy resolution. See Sygenta Crop Prot., Inc. v. Drexel Chem. Co., Civ. A. No. 08-1627 (JDB), 2009 WL 10737134, at * 4 (D.D.C. Oct. 28, 2009).

For these reasons, [68] Spain's motion to stay is **DENIED.**

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: January 13, 2025